IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

VICTOR TED HERNANDEZ, *Petitioner*,

*v.*

THE HONORABLE JOSEPH C. WELTY, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Judge,*

STATE OF ARIZONA, *Real Party in Interest.*

No. 1 CA-SA 15-0009

FILED 3-19-2015

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2010-137021-001
The Honorable Joseph C. Welty, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED IN PART**

COUNSEL

Taylor W. Fox, Attorney at Law, Phoenix
Brandon N. Cotto, Attorney at Law, Phoenix
By Taylor W. Fox
*Co-Counsel for Petitioner*

Ballecer & Segal, LLP, Phoenix
By Natalee Segal
*Co-Counsel for Petitioner*

Sanders & Parks, P.C., Phoenix
By J. Arthur Eaves, Robin E. Burgess
*Counsel for Real Party in Interest*

Lewis Brisbois Bisgaard & Smith LLP
By Bruce C. Smith, Carl F. Mariano
*Counsel for Blaine Gadow*

---

## DECISION ORDER

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Judge:

**¶1**　　　This special action challenges the superior court's refusal to disqualify the Maricopa County Attorney's Office ("the MCAO") from prosecuting petitioner Victor Ted Hernandez.  We accept jurisdiction because Hernandez has no equally plain, speedy, and adequate remedy by appeal.  *See* Ariz. R.P. Spec. Act. 1(a).  We review for abuse of discretion, which may occur when the court misapplies the law.  *Villalpando v. Reagan*, 211 Ariz. 305, 307, ¶ 6, 121 P.3d 172, 174 (App. 2005).

**¶2**　　　In March 2010, the state, represented by the MCAO, obtained an indictment against Hernandez for influencing a witness and participating in or assisting a criminal syndicate.  The court appointed Blaine Gadow, then an attorney in private practice, to represent Hernandez.  Gadow met with Hernandez and exchanged written correspondence with him, but ultimately withdrew from the representation before the initial pretrial conference.[1]

**¶3**　　　Unknown to Gadow, Hernandez had been under investigation for an unrelated murder at the time Gadow represented him.  Several months after Gadow withdrew, the state, again represented by the MCAO, obtained an indictment against Hernandez for first-degree murder and filed a notice of intent to seek the death penalty.

---

[1]　　　On February 4, 2015, his counsel filed Blaine Gadow's Motion To Formally Intervene and/or Participate as an *Amicus Curiae* in this special action.  The motion is hereby granted; Mr. Gadow may participate in this matter as an intervener.

¶4        In late 2013, Hernandez proposed to the MCAO a non-death-penalty plea agreement that would resolve both the capital case and the non-capital case in which Gadow had represented Hernandez.  Hernandez's proposal was considered by the MCAO Capital Review Committee.  At that time, Gadow was employed by the MCAO as the Family Violence Bureau Chief, and by virtue of that position was a member of the Committee.  Gadow attended the Committee meeting at which Hernandez's plea proposal was considered, and he participated in the vote that led the Committee to recommend rejecting it.

¶5        Hernandez filed a motion to disqualify the MCAO from prosecuting the capital case, arguing that Gadow was disqualified and that the MCAO was vicariously disqualified as a result of Gadow's participation in the Committee process.  After holding an evidentiary hearing, the superior court denied Hernandez's motion.

¶6        Ariz. R. Sup. Ct. 42, E.R. 1.9(a), provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  This rule applies to prosecutors who formerly represented criminal defendants in private practice. Ariz. R. Sup. Ct. 42, E.R. 1.11 cmt. 2.  Further, Ariz. R. Sup. Ct. 42, E.R. 1.11(c)(1), provides that such an attorney generally "shall not . . . participate in a matter in which the lawyer participated personally and substantially while in private practice."

¶7        Under E.R. 1.9(a) and 1.11(c)(1), Gadow was disqualified, at a minimum, from participating in the prosecution of the non-capital case.  Because Hernandez's plea proposal included the non-capital case, Gadow should have been screened from the Committee's consideration of the proposal regardless of whether the nature and content of his previous conversations with Hernandez disqualified him from participating in the prosecution of the capital case.  *See* Ariz. R. Sup. Ct. 42, E.R. 1.11 cmts. 3, 5.  Further proceedings are necessary to determine whether Gadow's participation in the Committee process that included consideration of Hernandez's non-capital case prejudiced Hernandez in the context of the capital case such that the MCAO as a whole should be disqualified from the prosecution.  *See State v. Superior Court (Pearson)*, 184 Ariz. 223, 228-29, 908 P.2d 37, 42-43 (App. 1995).  The state shall bear the burden to show that any confidential information conveyed to Gadow in the non-capital case did not affect the MCAO's decision to seek the death penalty in the capital case.

**¶8**        This decision does not imply that disqualification of the MCAO will be required.  If Gadow did not communicate to the Committee confidential information learned through his prior representation of Hernandez, and if Gadow's vote was not essential to the Committee's decision to recommend seeking the death penalty, imputed disqualification is not required.  But on this record, we cannot say what, if any, effect the failure to screen Gadow had on the MCAO's prosecution of the capital case.  We therefore vacate the superior court's ruling and remand for proceedings consistent with this decision.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama